IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD RYDOLPH,

    Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; ALLY FINANCIAL, INC.; MILITARY STAR; WELLS FARGO BANK, N.A.; WEBBANK; and DOES 1 through 100 inclusive,

    Defendants.

No. C 16-05694 WHA

**ORDER APPROVING STIPULATION TO DISMISS WELLS FARGO BANK, N.A., WITH PREJUDICE**

Plaintiff Howard Rydolph and defendant Wells Fargo Bank, N.A., filed a stipulated request pursuant to FRCP 41(a)(1)(A)(ii) to dismiss Wells Fargo from this action with prejudice (Dkt. No. 27). The stipulated request seeks a court order to that effect (*ibid.* at 2).

FRCP 41(a)(1)(A)(ii) permits the plaintiff to "dismiss an action *without a court order* by filing . . . a stipulation of dismissal signed by *all parties who have appeared*" (emphasis added). This provision is not a proper basis for plaintiff and Wells Fargo's stipulated request. The correct procedure here would have been for plaintiff to simply file a dismissal of Wells Fargo, without seeking a court order, pursuant to FRCP 41(a)(1)(A)(i).

Nonetheless, as a concession to the shortness of life, the stipulation is **APPROVED** without prejudice to other defendants impleading Wells Fargo. To be clear, this means the phrase "with prejudice" in the approved stipulation refers *only* to plaintiff's claims and *not* to

any potential cross-claims (that might possibly be asserted later in the case) by Wells Fargo's co-defendants against Wells Fargo.

**IT IS SO ORDERED.**

Dated: December 14, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE